Filed 9/19/14  P. v. Stewart CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GERALD TUFF STEWART,<br><br>    Defendant and Appellant. | F066976/F067331<br><br>(Stanislaus Super. Ct. Nos. 1451284, 1452497 & 1452570)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

_____

* Before Kane, Acting P.J., Franson, J. and Chittick, J. Pro Tem.†

† Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

-ooOoo-

## INTRODUCTION

Appellant/defendant Gerald Tuff Stewart pleaded no contest to several narcotics offenses in three separate cases which have been consolidated on appeal. His appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

### Case No. 1451284 (F066976)

On November 4, 2012, officers conducted a traffic stop of defendant's car in Patterson. The officers searched the vehicle and found 4.37 grams of methamphetamine.

On November 6, 2012, a complaint was filed in case No. 1451284 charging defendant with count I, possession of methamphetamine for sale (Health & Saf. Code,[2] § 11378); and count II, transportation of methamphetamine (§ 11379, subd. (a)), with special allegations that defendant had a prior conviction for a narcotics-related offense (§ 11370.2).

### Case No. 1452570 (F067331)

On December 3, 2012, defendant was contacted and searched by deputies in Patterson. They found 0.43 grams of a substance containing methamphetamine.

On December 21, 2012, a complaint was filed in case No. 1452570 charging defendant with possession of methamphetamine (§ 11377, subd. (a)).

---

[1] The facts are based on the stipulations which defendant entered into when he pleaded no contest to the charges in the three cases.

[2] All further statutory citations are to the Health and Safety Code unless otherwise indicated.

2.

## Case No. 1452497 (F066976)

On December 9, 2012, defendant was driving in Modesto when officers conducted a traffic stop. Defendant was on bail in case No. 1452570. The officers searched the car and found two separate packages of heroin, which weighed 5.77 grams and 6.04 grams.

On December 11, 2012, a complaint was filed in case No. 1452497 charging defendant with count I, transportation of heroin (§ 11352, subd. (a)); count II, possession of heroin for sale (§ 11351); and count III, possession of methamphetamine (§ 11377, subd. (a)), with special allegations that he had a prior drug-related conviction, served two prior prison terms (Pen. Code, § 667.5, subd. (b)), and he committed a new felony while on bail (Pen. Code, § 12022.1).

## Pleas and sentencing

On March 19, 2013, defendant entered no contest pleas in the three cases as follows: (1) transportation of heroin with an on-bail enhancement in case No. 1452497; (2) transportation of methamphetamine in case No. 1451284; and (3) possession of methamphetamine in case No. 1452570. Defendant entered his pleas with the understanding that the remaining charges would be dismissed, and he would be sentenced to an aggregate term of seven years eight months.

## Sentencing

The court sentenced defendant immediately after he entered his pleas because he waived preparation of a probation report. In case No. 1452497, defendant was sentenced to the midterm of four years for transportation of heroin, plus a consecutive term of two years for the on-bail enhancement. The court ordered defendant to serve three years eight months in custody, suspended the remaining portion of the term, and ordered defendant placed on mandatory supervised release.

In case No. 1451284, defendant was sentenced to a consecutive term of one year for transportation of methamphetamine (one-third the midterm). The court suspended the entire term and placed defendant on mandatory supervised release.

In case No. 1452570, defendant was sentenced to a consecutive term of eight months (one-third the midterm) for possession of methamphetamine. The court again suspended the entire term and placed defendant on mandatory supervised release. The court imposed certain terms and conditions to his mandatory supervised release, and various fines and fees in each case. On March 21, 2013, the court reconvened the sentencing hearing and calculated defendant's conduct credits.

**Consolidation of appeals**

On April 4, 2013, defendant filed a timely notice of appeal in case Nos. 1451284 and 1452497, for matters arising after his plea (case No. F066976). He requested a certificate of probable cause but did not receive one.

On May 23, 2013, defendant filed a timely notice of appeal in case No. 1452570, again for matters arising after the plea (case No. F067331).

On June 12, 2013, this court consolidated the appeals under case No. F066976.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court. By letter on July 11, 2013, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4.